UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 23-cr-326 (JDB) |
| v. | : | |
| | : | |
| KARLA ADAMS AND DUSTIN ADAMS, | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO DISMISS**

The United States of America, by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 48(a), to dismiss without prejudice the four counts pending via an Information filed on September 20, 2023 against defendant Dustin Adams.

Rule 48(a) authorizes the government to dismiss an indictment, information, or complaint "with leave of court." Given the Court's explicit role in the language of Rule 48(a), a motion to dismiss under Rule 48(a) requires "a statement of reasons and underlying factual basis," in order to "prevent abuse of the uncontrolled power of dismissal previously enjoyed by prosecutors" and ensure that the Court is both "satisfied that the reasons advanced for the proposed dismissal are substantial" and convinced that the proposed dismissal "adequately protects the public interest." *See United States v. Ammidown*, 497 F.2d 615, 620-22 (D.C. Cir. 1973); *see also United States v. Thorpe*, No. CR 13-131-1 (RJL), 2023 WL 2139399, at *4 (D.D.C. Feb. 21, 2023), appeal dismissed, No. 23-3027, 2023 WL 8519683 (D.C. Cir. Dec. 7, 2023) (finding that the trial court does not merely serve as a "rubber stamp for the prosecutor's decision," and must fulfill its role to guard against abuse of prosecutorial discretion). In the present case, the Court was previously provided with a copy of an Assessment of Competency to Stand Trial report dated November 8, 2024, in which a qualified medical provider who evaluated Mr. Adams on an out-patient basis in

accordance with an order issued by this Court under 18 U.S.C. § 4241(b) concluded that Mr. Adams was not competent to stand trial and "unrestorable" to competency. In a subsequent status conference in the instant case held on December 9, 2024, the Court, under 18 U.S.C. § 4246, made its own findings, consistent with the provider's report of November 8, 2024, that Mr. Adams was not currently competent, was unlikely to regain competency, and in his current condition did not pose a substantial risk of bodily injury to another person or serious damage to property of another. Based upon the undisputed nature of Mr. Adams's current condition and the Court's conclusion that he is unlikely to regain competency, the government respectfully requests that the Court dismiss all pending counts against Mr. Adams without prejudice.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:    /s/_____
Samuel White
Assistant United States Attorney
NC Bar No. 44908
United States Attorney's Office
District of Columbia
601 D Street NW
Washington, DC 20530
(202) 431-4453
Samuel.white@usdoj.gov